**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BETH M. DUENSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-387-TLS |
| | ) | |
| CITIBANK (South Dakota) N.A., | ) | |
| KLIMENT P. MITRESKI, and | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss Pursuant to Federal

Rule of Civil Procedure 12(b)(6) [ECF No. 6], filed on December 8, 2011. For the reasons stated

in this Opinion and Order, the Court will grant the Defendants' Motion.


**PROCEDURAL BACKGROUND**

This case arises out of an Indiana state court action to collect a debt, filed by Defendant

Kliment P. Mitreski on behalf of Defendant Citibank (South Dakota) N.A. on August 29, 2011.[1]

(State Court Record, ECF No. 5 at 11.) The Plaintiff filed the case before this Court on October

24, 2011. (Compl., ECF No. 1.) On November 22, pursuant to the Plaintiff's motion to the Lake

Superior Court, the state court entered an order entitled Order Accepting Jurisdiction and

Transferring Case to the United States District Court.[2] (State Court Record, ECF No. 5 at 12.)

---

[1]It appears the case was originally filed in the Superior Small Claims Court of Lake County, Indiana, but was transferred to the Plenary Court of Lake County on October 13, 2011. (State Court Record, ECF No. 5 at 13–14.)

[2]It should be noted that the case before this Court is an original federal action based on the Plaintiff's Complaint [ECF No. 1]. The Plaintiff neither removed nor effectuated an appropriate transfer of the state court case to this Court.

The Plaintiff, Beth M. Duensing, brought the present action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The Plaintiff alleges numerous FDCPA violations by Defendants Citibank and Mitreski related to a debt collection effort by the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC, the law firm where Defendant Mitreski is employed. The Plaintiff's Complaint includes eight distinct counts of FDCPA violations.[3] (Compl. 4–8.)

On December 8, 2011, the Defendants filed their Motion to Dismiss [ECF No. 6] along with a Brief in Support [ECF No. 7]. The Defendants argued that Defendant Citibank should be dismissed with prejudice because it is not a debt collector as defined in the FDCPA, and also argued for dismissal of all counts against Defendant Mitreski. On January 17, 2012, the Plaintiff filed a Motion to Dismiss Defendant Citibank Without Prejudice [ECF No. 10], in which the Plaintiff agreed that Defendant Citibank should be dismissed, but argued the dismissal should be without prejudice. On January 17, the Plaintiff also filed an Objection and Reply to Defendants' Motion to Dismiss [ECF No. 11], arguing that dismissal against the non-Citibank Defendants is inappropriate. The Defendants Replied [ECF No. 12] on January 24. On February 7, the Plaintiff filed an Objection and Reply [ECF No. 13], and on February 8, the Defendants filed a Motion to Strike Plaintiff's Reply [ECF No. 14] because the Plaintiff did not seek leave to file a sur-reply.

**FACTUAL BACKGROUND**

---

[3]The Complaint also indicates that the Plaintiff is raising "pendent state law claims" and asks the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367. All of the Plaintiff's stated claims are for violations of the FDCPA. Furthermore, because the Court finds that the Plaintiff has failed to plead a federal claim upon which relief can be granted, it will decline, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over any state claim filed by Defendant Citibank. (State Court Record, ECF No. 5 at 146.) That claim appears to remain before the state court.

On December 3, 2010, the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC

(BHLM) sent the Plaintiff a Demand Letter advising her that it represented Defendant Citibank

and that it was demanding payment of $32,412.90 owed to Defendant Citibank. (Demand Letter,

ECF No. 11 at 16.) The Demand Letter notified the Plaintiff that Defendant Citibank was the

creditor, and included a field for "Original Creditor" which was blank, apparently because it was

not applicable. (*See id.*) The Demand Letter additionally notified the Plaintiff of the account

reference number, the last four digits of the account number, and the account type. Finally, the

Demand Letter stated:

> You are hereby advised that this is an attempt to collect a debt, and that this firm is
> acting pursuant to the Fair Debt Collection Practice [sic] Act, 15 U.S.C.A., Sec. 1692
> et seq.; any information obtained will be used for this purpose.
>
> If you do not dispute the validity of this debt, or any portion thereof, within 30 days
> of receipt of this letter, we will assume it is valid. If you do dispute the validity of
> this debt, or any portion thereof, please notify us in writing, within 30 days of receipt
> of this letter and we will mail verification of the debt, or a copy of a judgment, if
> applicable, to you. We will also provide you with the name and address of the
> original creditor, if different from the current Creditor, if you request the same from
> us, in writing, within 30 days of receipt of this letter.

(*Id.*)

The Plaintiff sent a Response Letter on December 6, 2010. The Plaintiff demanded

verification of the debt, stating: "I insist that you prove that I owe you or your client this

purported debt." (Resp. Letter, ECF No. 11 at 17.) Specifically, the Plaintiff insisted that:

> In order to prove the debt, I must have a sworn statement, signed before notary
> public, under penalty of perjury by a person having:
> 1. Firsthand knowledge of the indebtedness, and
> 2. Can state that the reported indebtedness was a legal indebtedness under all
>    applicable state and federal laws and
> 3. Was not subsequently disputed as a result of returned, faulty, or recalled consumer
>    products, and
> 4. Can swear that this purported debt is not now, nor ever has been, part of any tax

3

write off, securitization or insurance claim.

(*Id.* at 17–18.) Nowhere in the Plaintiff's Response Letter did she request the name and address of the original creditor.

On December 15, 2010, BHLM sent the Plaintiff a Verification Letter. The Verification Letter re-notified the Plaintiff of the information included in the Demand Letter, and additionally notified her of the date the account was opened and the date of last payment on the account. (Verification Letter, ECF No. 11 at 20.)

Defendant Mitreski is not mentioned in any of the correspondence. Additionally, while the Complaint alleges that Defendant Mitreski violated the FDCPA, it nowhere alleges how Defendant Mitreski was personally involved. The Plaintiff alleges that she sent her Response Letter to Defendant Mitreski, but the record reflects that she addressed her Response Letter to "Blatt, Hasenmiller, Leibsker & Moore," not to Defendant Mitreski. (Response Letter, ECF No. 11 at 19.) It appears from the record that Defendant Mitreski was the attorney who filed the state court action on August 29, 2011. (State Court Record, ECF No. 5 at 1.)

After the Plaintiff sent the December 6, 2010, Response Letter, she alleges that the Defendants continued with collection activities. She does not specify what collection activities the Defendants engaged in after receipt of her Response Letter.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in

the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true "legal conclusions or conclusionary allegations that merely recite a claim's elements"). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 556 U.S. at 680; *see also Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A plaintiff can also

5

plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631

F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready*

*v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A reviewing court must "construe pro se

complaints liberally and hold them to a less stringent standard than formal pleadings drafted by

lawyers." *Maddox*, 655 F.3d at 718. Finally, determining whether a complaint states a plausible

claim for relief requires a reviewing court to "draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### I.     The FDCPA

Congress enacted the FDCPA to combat "abusive, deceptive, and unfair debt collection

practices." 15 U.S.C. § 1692. To achieve this, the FDCPA regulates debt collection

communications from debt collectors to consumers. The FDCPA defines a debt collector as "any

person who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.*

§ 1692a(6). The FDCPA defines a creditor as "any person who offers or extends credit creating a

debt or to whom a debt is owed." *Id.* § 1692a(4). Additionally, the FDCPA defines debt as "any

obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

the money, property, insurance, or services which are the subject of the transaction are primarily

for personal, family, or household purposes." *Id.* § 1692a(5).

One notice that a debt collector must give a debtor is a written validation notice that

informs the debtor of his rights under § 1692g, including the right to dispute the validity of the

debt within thirty days of receiving the notice. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d

410, 415 (7th Cir. 2005). The FDCPA provides:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)–(b). As an additional protection to consumers, a debt collector is subject to

civil liability if it uses "any false, deceptive, or misleading representation or means in connection

with the collection of any debt." *Id.* § 1692e. As examples of conduct that violates § 1692e, the

statue lists the "false representation of . . . the character, amount, or legal status of any debt," *id.*

§ 1692e(2), and the "use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10). Furthermore,

the FDCPA also proscribes use of "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," *id.* § 1692f(1).

Alleged violations of the FDCPA are judged using the objective standard of an unsophisticated consumer. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). The unsophisticated consumer may be uniformed, naive, and trusting, but still has "'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" *Id.* (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Under this objective standard, the courts disregard "unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin,* 406 F.3d at 414.

## II.      Defendant Citibank is Not a Debt Collector Under the FDCPA

As articulated above, the FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Additionally, the FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* § 1692a(4). It is undisputed that all the sections of the FDCPA under which the Plaintiff's claims against the Defendants arise implicate debt collectors and not creditors.

The Defendants argue that all claims against Defendant Citibank must be dismissed with

prejudice because Defendant Citibank is a creditor and not a debt collector under the FDCPA. *See McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008) ("The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'"); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("For purposes of applying the [FDCPA] to a particular debt, these two categories—debt collectors and creditors—are mutually exclusive."); *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the [FDCPA]."). The Plaintiff agrees that Defendant Citibank is a creditor not susceptible of suit under the FDCPA, but argues that dismissal of the claims against Defendant Citibank should be without prejudice. The Plaintiff cites to *Frederiksen v. City of Lockport*, 384 F.3d 437 (7th Cir. 2004), for the proposition that dismissal with prejudice would be inappropriate, because lack of jurisdiction and dismissal with prejudice are "mutually exclusive." *Id.* at 438. However, nowhere does the Plaintiff assert that this Court lacks jurisdiction, or even suggest that the *Rooker-Feldman* doctrine, which was at issue in *Frederiksen*, applies. On the contrary, the Plaintiff has asserted that this Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d). The Plaintiff also asks the Court, in the alternative, for leave to amend her Complaint in order to dismiss the claims against Defendant Citibank without prejudice. The Defendants reply that although courts usually allow leave to amend a complaint, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The Defendants argue that any amendment of the Plaintiff's claims against Defendant Citibank would be futile because the FDCPA applies to debt

9

collectors, not creditors.

The Court agrees with the Defendants that Defendant Citibank is a creditor as defined in the FDCPA, and as such, the Plaintiff's claims against Defendant Citibank must be dismissed. The Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d), and the *Rooker-Feldman* doctrine is not applicable. The record before the Court indicates that Defendant Citibank is both the original and the current creditor,[4] and thus this is not a situation where the assignee of a debt becomes a debt collector due to the default status of the loan at the time of transfer. *See McKinney*, 548 F.3d at 501. Because any amendment against Defendant Citibank would be futile, the Plaintiff's claims against Defendant Citibank will be dismissed with prejudice. *See Brown v. Citibank, S.D., N.A.*, No. 5:06-CV-123-FL, 2006 U.S. Dist. LEXIS 82785, at *4–5, *11–12 (E.D.N.C. Oct. 19, 2006) (dismissing claims against Citibank with prejudice because Citibank is not a debt collector under the FDCPA); *Courchene v. Citibank*, No. 06-4026-CV-C-NKL, 2006 U.S. Dist. LEXIS 53041, at *2–3, *5 (W.D. Mo. Aug. 1, 2006) (same). Accordingly, the Court will deny the Plaintiff's Motion to Dismiss Defendant Citibank Without Prejudice [ECF No. 10].

## III.    The Plaintiff has Failed to Plead that the FDCPA Applies to her Debt

The FDCPA applies only to consumer debt, defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family,

---

[4]The Plaintiff's contentions to the contrary, as discussed below, are unsupported. The Plaintiff has recited conclusory accusations that do not raise a plausible claim for relief in light of the detailed, sworn affidavit of Shelli M. Stackhouse, attached to the State Court Record, which indicates that Defendant Citibank is the owner of the Plaintiff's debt account. (Stackhouse Aff. ¶ 11, ECF No. 5 at 7.)

or household purposes." 15 U.S.C. § 1692a(5). The Defendants argue that the Plaintiff has failed to plead that the debt at issue is a consumer debt, and thus has failed to make out cognizable claims under the FDCPA. *See Awah v. Midland Credit Mgmt. of Am.*, No. RWT-10-00885, 2010 WL 4026098, at *3 (D. Md. Oct. 14, 2010) (dismissing a § 1692 claim because, *inter alia*, the plaintiff "failed to plead that the debt is a consumer debt"). The Plaintiff responds that her status as a consumer is implicit in her Complaint, and that the Defendants should be required to prove that she is not a consumer. The Defendants reply that the FDCPA does not require them to prove that the Plaintiff is not a consumer.

The Court agrees with the Defendants that they do not bear the burden of proving that the Plaintiff is not a consumer. However, the Defendants have pointed the Court to no authority within the Seventh Circuit to suggest that the failure to plead the consumer nature of the debt warrants dismissal. In light of the nature of the Plaintiff's claims—a challenge to the validation of the debt—she should not be required to plead the specific nature of a debt the validity of which she denies. Furthermore, the Court must liberally construe the Plaintiff's pro se Complaint. Finally, the record before the Court indicates the alleged debt is likely a consumer debt as defined in the FDCPA. For these reasons, the Court declines to dismiss the Plaintiff's claims because of a failure to allege that the debt is a consumer debt for the purposes of the FDCPA.

## IV.     The Plaintiff's FDCPA Claims

The Plaintiff has alleged eight distinct violations of the FDCPA. However, as the Defendants point out, the essence of the Plaintiff's Complaint is her contention that the

11

Defendants failed to validate the debt as required by § 1692g. The Plaintiff appears to agree with the Defendants that a failure to validate is at the heart of her claims. (*See* Pl.'s Objection and Reply 9, ECF No. 11 ("the Defendants shift the focus of Plaintiff's complaint from that of failure to validate to phantom issues.").)

The Court agrees that the failure to validate is at the heart of the Plaintiff's Complaint. The Plaintiff articulates the Defendants' failure to validate as part of each of her eight FDCPA claims, only one of which is a claim for violation of § 1692g. However, the Court will analyze each of the Plaintiff's contentions individually under Rule 12(b)(6) before addressing the § 1692g claim (Count V).

### A.     *Count I*

In Count I of the Complaint, the Plaintiff has alleged a violation of 15 U.S.C. § 1692e, which states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, the Complaint states that Defendant Mitreski "made false and misleading representations in communications when [he] misrepresented the party he was collecting for." (Compl. 4.) The Defendants argue that the Plaintiff has failed to plead either the party that Defendant Mitreski claimed to be representing or the party that Defendant Mitreski was actually representing. Because the Plaintiff has failed to allege facts that plausibly make out a claim for false, deceptive, or fraudulent representation under § 1692e, the Defendants argue, her Count I claim against Defendant Mitreski must be dismissed.

The Court agrees with the Defendants that Count I of the Plaintiff's Complaint fails to

state a claim upon which relief can be granted. The Plaintiff's "conclusory statements," *Iqbal*, 556 U.S. at 678, without more, constitute merely a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and accordingly the Court will dismiss Count I under Rule 12(b)(6).

**B.    *Counts II–IV***

In Counts II–IV of the Complaint, the Plaintiff has alleged violations of 15 U.S.C. § 1692e(2), which states that the following conduct violates § 1692e: "The false representation of . . . the character, amount, or legal status of any debt." Specifically, Count II of the Complaint states that the Defendants misrepresented the character of the debt when Defendant Mitreski represented that the debt was an obligation to Defendant Citibank, because in fact, the Plaintiff alleges, "such consumer accounts are sold and securitized." (Compl. 5.) Further, Count III of the Complaint states that the Defendants misrepresented the legal status of the debt when Defendant Mitreski represented that it was the property of Defendant Citibank, when in fact "there is a high probability that such receivables are owned, not by alleged Creditor CITIBANK, N.A., but rather sold to note holders." (*Id.*) Finally, Count IV of the Complaint states that the Defendants misrepresented the amount of the debt by "alleging certain sums were by charging hypothetical interest rates on an alleged and unvalidated debt." (*Id.* 6.) The Defendants argue that the Plaintiff has failed to plead facts which show that representing the debt as an obligation to Defendant Citibank was false or misleading, either as to the character of the debt or the legal status of the debt. The Defendants also argue that the Plaintiff has failed to plead facts which show how the Defendants allegedly misrepresented the amount of the debt. The Plaintiff has alleged neither the

13

interest rate she was charged or why that interest rate led to a false representation of the amount of her debt. Because the Plaintiff has failed to allege facts that plausibly make out a claim for a false representation of the character, amount, or legal status of any debt under § 1692e(2), the Defendants argue, her Count II, III, and IV claims against the Defendants must be dismissed.

The Court agrees with the Defendants. The Complaint gives no indication that the Plaintiff will be able to prove that this particular debt was ever owned by any party besides Defendant Citibank.[5] Indeed, the Plaintiff merely states her belief that there is a "high probability" that the debt is in fact owned by an entity other than Defendant Citibank.[6] (Compl. 5.) But the Defendants allege that Defendant Citibank is both the original and the current creditor. (Defs.' Br. in Supp. of Dismissal 8, ECF No. 7; *see also* Stackhouse Aff. ¶ 11, ECF No. 5 at 6–7.) Nor does the Complaint give any indication what interest rate the Defendants charged the Plaintiff, or how that interest rate falsely represented the amount of the Plaintiff's debt. Furthermore, the Court agrees with the Defendants that although the Plaintiff's FDCPA claims are properly federal questions, the dispute over the ownership of the debt in question is more appropriately decided in state court. In any case, the Plaintiff's Count II, III, and IV claims do not plausibly suggest that the Defendants falsely represented the character, amount, or legal status of the alleged debt. Because the Plaintiff has failed to plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, the Court finds

---

[5]The Affidavit of Shelli M. Stackhouse, discussed below, indicates that Defendant Citibank is the owner of the Plaintiff's debt. (Stackhouse Aff. ¶ 11, ECF No. 5 at 7.)

[6]The Complaint also states that "such consumer accounts are sold and securitized." (Compl. 5.) Construed in a light most favorable to the Plaintiff, she is alleging that this particular debt must have been sold to an entity besides Defendant Citibank. However, for the reasons discussed above, the Court finds that the Plaintiff has not pled facts plausibly suggesting an FDCPA violation under § 1692(e)(2).

14

that Counts II, III, and IV of the Plaintiff's Complaint fail to state claims upon which relief can be granted, and accordingly the Court will dismiss Counts II, III, and IV under Rule 12(b)(6).

**C.**     *Count VI*

In Count VI of the Complaint, the Plaintiff has alleged a violation of 15 U.S.C. § 1692e(10), which states that the following conduct violates § 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Specifically, the Complaint states that the Defendants used a "self-serving affidavit" by Shelli M. Stackhouse which "contained inaccurate statements contradicting [Defendant Citibank]'s claim." (Compl. 7.) The Defendants argue that the Plaintiff has failed to plead facts which show the contents of Shelli M. Stackhouse's affidavit, or what false representations were made to the Plaintiff, or how they allegedly contradicted Defendant Citibank's claim. Because the Plaintiff has failed to allege facts that plausibly make out a claim for the use of a false representation or deceptive means to collect a debt under § 1692e(10), the Defendants argue, her Count VI claim against the Defendants must be dismissed.

The Court agrees with the Defendants. Although the Complaint does not state the contents of Shelli M. Stackhouse's affidavit, that affidavit is part of the record. (Stackhouse Aff., ECF No. 5 at 6–7.) But the Plaintiff has failed to state what was false about the affidavit, or how it contradicted Defendant Citibank's claim. The Plaintiff's claim again amounts to nothing more than conclusory statements reciting the elements of a cause of action. Because the Plaintiff has failed to plead facts that plausibly suggest a violation of § 1692e(10), the Court finds that Count VI of the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and

15

accordingly the Court will dismiss Count VI under Rule 12(b)(6).

**D.**     *Count VII*

In Count VII of the Complaint, the Plaintiff has alleged a violation of 15 U.S.C.

§ 1692f(1), which states that the following conduct violates § 1692f: "The collection of any

amount (including any interest, fee, charge, or expense incidental to the principal obligation)

unless such amount is expressly authorized by the agreement creating the debt or permitted by

law." Specifically, the Complaint states that the Defendants attempted to collect an amount not

authorized by law because the amount was more than $500 and the Plaintiff disputed the validity

of her signature. The Defendants argue that the Plaintiff has failed to plead facts which show

how any debt the Defendants attempted to collect was not authorized by law. Because the

Plaintiff has failed to allege facts that plausibly make out a claim for the use of unfair or

unconscionable means to collect or attempt to collect a debt under § 1692f(1), the Defendants

argue, her Count VII claim against the Defendants must be dismissed.

The Court agrees with the Defendants. Count VII of the Complaint does not state how the

Defendants' conduct would violate § 1692f because it does not show that the debt the

Defendants attempted to collect was outside the agreement creating the debt or was otherwise

proscribed by law. Because the Plaintiff has failed to plead facts that plausibly suggest a

violation of § 1692f(1), the Court finds that Count VII of the Plaintiff's Complaint fails to state a

claim upon which relief can be granted, and accordingly the Court will dismiss Count VII under

Rule 12(b)(6).

16

**E.**     *Count VIII*

In Count VIII of the Complaint, the Plaintiff has alleged a violation of 15 U.S.C.

§ 1692e(10) and § 1692e(2)(A), both articulated above. Specifically, the Complaint states that

the Defendants claimed, attempted, or threatened to enforce a debt when they "knew that the

debt was not legitimate." (Compl. 8.) The Plaintiff further alleges that the Defendants

"obfuscated the Parties to create confusion and avoid culpability." (*Id.*) The Defendants argue

that the Plaintiff has failed to plead facts which show a violation of either of these sections, and

that the Plaintiff's only supports for her arguments are "conclusions and conjecture." (Defs.' Br.

in Supp. of Dismissal 11.) Because the Plaintiff has failed to allege facts that plausibly make out

a claim for violation of either § 1692e(10) or § 1692e(2)(A), the Defendants argue, her Count

VIII claim against the Defendants must be dismissed.

The Court agrees with the Defendants. The Plaintiff's claim is again supported only by

conclusory statements reciting the elements of a cause of action, but not by facts that plausibly

suggest a violation of § 1692e(10) or § 1692e(2)(A). Accordingly, the Court finds that Count

VIII of the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it

will be dismissed under Rule 12(b)(6).

**F.**     *Count V*

The crux of the Plaintiff's Complaint is the alleged failure by Defendant Mitreski to

validate the debt when the Plaintiff sent her Response Letter. The Plaintiff styles this alleged

failure as a violation of 15 U.S.C. § 1692g, which states that upon receipt of notice that the

consumer disputes a debt, a debt collector "shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification of the debt." The Plaintiff argues that
the Response Letter she sent to BHLM constitutes a demand for verification, and that the
Defendants' failure to comply with the specific requests contained in her Response Letter before
continuing with collection efforts are violations of § 1692g. The Defendants argue, first, that the
Plaintiff has failed to allege that she requested verification of any Defendant. She has only
alleged that she requested verification from BHLM, an entity which is not a party to this action.
She has not alleged any legal relationship between BHLM and any Defendant.

Secondly, the Defendants argue that the Plaintiff received all the verification required
under the FDCPA. The Verification Letter sent to the Plaintiff by BHLM contains the account
number, the account reference number, the name of the creditor, the account type, the name of
the debtor, the date of last payment, the balance due, and the date on which the account was
opened. Because the Plaintiff was provided proper verification under the FDCPA, the
Defendants argue, the Defendants' continued collection efforts do not violate the statute and the
Plaintiff's Count V claim must be dismissed under Rule 12(b)(6).

The Court agrees with the Defendants that the FDCPA does not require the type of
verification requested by the Plaintiff in her Response Letter. Specifically, the Plaintiff's request
that the Defendants produce "a sworn statement, signed before notary public, under penalty of
perjury by a person having . . . [f]irsthand knowledge of the indebtedness, and . . . [c]an state that
the reported indebtedness was a legal indebtedness under all applicable state and federal laws
and . . . was not subsequently disputed as a result of returned, faulty, or recalled consumer
products, and . . . [c]an swear that this purported debt is not now, nor ever has been, part of any
tax write off, securitization or insurance claim" is more than the FDCPA requires for debt

18

verification. The statute requires, instead, that the debt collector "confirm[] in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999); *Recker v. Cent. Collection Bureau*, No. 1:04-CV-2037-WTL-DFH, 2005 WL 2654222, at *2 (S. D. Ind. Oct. 17, 2005) (finding verification sufficient where it "informed the [p]laintiff of the debt amount, the services provided, and the dates the debts were incurred"); *Zaborac v. Mut. Hosp. Serv., Inc.*, No. 1:03-CV-01199-LJM-WTL, 2004 WL 2538643, at *3 (S.D. Ind. Oct. 7, 2004) (stating that the FDCPA's verification requirement is satisfied by a "written confirmation that [the debt collector] was demanding what the creditor claimed was owed"). Because it appears the Plaintiff was granted the verification required under the FDCPA, and because the additional requests the Plaintiff made in her Response Letter are not required by the FDCPA, the Plaintiff's Count V claim does not plausibly suggest that she is entitled to relief, and therefore fails to state a claim for which relief can be granted under 15 U.S.C. § 1692g. Accordingly, the Court will dismiss Count V with prejudice pursuant to Rule 12(b)(6).

**V.      The Plaintiff's Sur-Reply and the Defendants' Motion to Strike**

The Plaintiff filed her Objection and Reply to Defendant's Reply Brief [ECF No. 13] without obtaining leave to file a sur-reply. The Local Rules do not provide for sur-replies. *See* N.D. Ind. L.R. 7-1. The Defendants filed a Motion to Strike Plaintiff's Reply to Defendants' Reply [ECF No. 14], arguing that the Court should strike the Plaintiff's sur-reply for non-compliance with the Local Rules.

The Court finds that the Plaintiff's sur-reply is not allowed under the Local Rules, and

could be stricken for noncompliance. However, the Court also finds that the Plaintiff did not raise any significant new arguments in her sur-reply. Her sur-reply contains restatements of her claim that "Plaintiff does not agree BHLM's letter provides sufficient verification." (Pl.'s Objection & Reply 5, ECF No. 13.) The Plaintiff argues: "The [Verification Letter] is devoid of any substantiating facts, or verifiable business records and contains no accounting of any payments made by Plaintiff, the dates on which those payments were made, the interest which had accrued, or any late fees which had been assessed once Plaintiff allegedly stopped making the required payments." (*Id.* 5–6.) Because the Plaintiff is requesting more verification than is required under § 1692g, and because the Court has already rejected that argument as stated above, the Court finds that considering the Plaintiff's sur-reply does not affect the Court's analysis. Accordingly, the Court will consider the Plaintiff's sur-reply and deny as moot the Defendants' Motion to Strike.

## CONCLUSION

For the reasons stated above, the Court GRANTS the  Defendants' Motion to Dismiss [ECF No. 6], DENIES the Plaintiff's Motion to Dismiss Defendant Citibank Without Prejudice [ECF No. 10], and DENIES AS MOOT the Defendants' Motion to Strike Plaintiff's Reply to Defendants' Reply [ECF No. 14]. Upon dismissal, there are no remaining parties or claims pending in the action before this Court.

SO ORDERED on July 31, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN

20

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

21